UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STAN DEDMON, *Trustee for Savoy Financial Spendthrift Trust*   *Appellant,*<br><br>v.<br><br>CORE SUPERFOOD LLC and RUBY NINE INCORPORATED,   *Appellees.* | §<br>§<br>§<br>§<br>§   Civil Action No. 3:21-CV-01296-X<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Appellant Stan Dedmon's appeal of the bankruptcy court's order granting summary judgment in favor of the Appellees Core Superfood LLC (Core) and Ruby Nine Incorporated. For the reasons explained below, the Court **AFFIRMS** the bankruptcy court's judgment.

### I.   Factual and Procedural Background

In March of 2019, Dedmon executed a $300,000 promissory note in favor of the Appellees. The note was secured by a deed of trust on the surface rights of a 156.803-acre property in Brown County, Texas. After Dedmon defaulted on the note, the Appellees sought to foreclose on the deed of trust lien and posted a Notice of Substitute Trustee Sale. In response, Dedmon filed an action in state court, arguing that the Notice constituted slander of title because it indicated that Core had the

1

right to foreclose on the entire estate rather than on just the surface estate.[1] The state trial court granted an *ex parte* temporary restraining order to prevent the foreclosure sale, after which Dedmon filed for bankruptcy. At that point, the foreclosure automatically stayed, and the state court case was removed to the bankruptcy court as an adversary proceeding.

The bankruptcy court granted summary judgment in favor of the Appellees on the slander of title claim, concluding that Dedmon had failed to plead, had no evidence of the loss of a specific sale, and had no evidence that his trust owned an interest in the mineral estate allegedly slandered. The present appeal followed.

## II.   Legal Standards

The Court's review of the bankruptcy court's order granting summary judgment is *de novo*.[2] Summary judgment is appropriate if, viewing the "evidence in the light most favorable to the non-moving party,"[3] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[5]

---

[1] Dedmon also claimed that the Appellees were not the holders in due course of the note and had therefore violated the Texas Finance Code and the Business and Commerce Code by seeking to foreclose on it. The bankruptcy court granted summary judgment in favor of the Appellees on those claims, but they are not part of this appeal.

[2] *Matter of Cmty. Home Fin. Servs. Corp.*, 32 F.4th 472, 481 (5th Cir. 2022).

[3] *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016).

[4] FED. R. CIV. P. 56(a).

[5] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### III.   Analysis

"A slander of title action in Texas requires: (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale."[6] Dedmon does not claim to have satisfied this sixth element requiring the loss of a specific sale.  Instead, despite a "sea of contrary precedent,"[7] Dedmon argues that the loss of a specific sale is not required, and damages arising from lost rentals, lost drilling profits, or lost royalties may support a slander of title action.  According to Dedmon, such losses can support a slander of title action provided they are actual, not speculative.[8]

In support of this contention, Dedmon points to a single Texas court of appeals case from 1943, *Humble Oil & Refining Co. v. Luckel*.[9]  But in *Humble Oil*, the appellate court explained that "[it] is the settled law in this state that in order to recover in a slander of title suit the plaintiff must allege and prove a pending sale which was defeated by the slander of title complained of."[10]  And the Court of Appeals reversed the trial court's judgment that the plaintiffs could recover damages

---

[6] *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 695 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014); *see also A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 146 (Tex. 1982) (quoting *Shell Oil Co. v. Howth*, 159 S.W.2d 483 (Tex. 1942) (explaining that, under the longstanding rule in Texas, "[i]n order to recover in a slander of title suit, the plaintiff must allege the loss of a specific sale.")).

[7] *U.S. Enercorp, Ltd. v. SDC Montana Bakken Exploration, LLC*, 966 F. Supp. 2d 690, 699 (W.D. Tex. 2013) (addressing the same argument as Dedmon's).

[8] Doc. No. 3 at 5–7.

[9] *Humble Oil & Refin. Co. v. Luckel*, 171 S.W.2d 902 (Tex. Civ. App.—Galveston 1943, writ ref'd w.o.m.).

[10] *Id.* at 907.

sustained from a lost contract whereby they were to receive a 1/512 overriding royalty in revenues flowing from an oil well on their land.[11]  It concluded that "[i]n the absence of proof of special damages to appellees resulting from the loss of a specific sale of said land, and in view of the uncertainty as to whether a producing well would have been drilled," the trial court had erred in nonetheless assessing damages against the appellees.[12]  In so concluding, the Court explained that

> The generally accepted rule is that where it is shown that a loss of profit is a natural and probable consequence of the act or omission complained of and that amount is shown with sufficient certainty, there may be a recovery therefor; but anticipated profits cannot be recovered where they are dependent upon uncertain and changing conditions, such as market fluctuations or a change of business, or where there is no evidence from which they may be intelligently estimated; evidence to establish profits must not be uncertain or speculative.  It is not necessary that profits should be susceptible of exact calculation, it is sufficient that there be data from which they may be ascertained with a reasonable degree of certainty and exactness.[13]

The language above appears to be what Dedmon draws on in arguing that non-specific sale losses can support a slander of title action, provided that they are actual rather than speculative.  But given its recitation of the specific sale requirement, quoted above, and its reversal of the trial court, it is not clear that *Humble Oil* supports Dedmon's position.

Dedmon does not point the Court to any Texas case, nor has the Court found any, where losses other than the loss of a specific sale of the land in question were

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

deemed sufficient to support a slander of title claim.[14] So, even if *Humble Oil* is read to have opened the door to non-specific sale losses in a slander of title action, the apparent refusal of any Texas court—beginning with the *Humble Oil* court itself—to conclude that such losses were sufficient in the eighty years since suggests that such losses are still inadequate under Texas law.

In fairness to Dedmon, at least at one point his position may have drawn support from two members of the Supreme Court of Texas. Although neither party cites to it, a 1983 concurrence in *Ellis v. Waldrop* suggests that the loss of a specific sale should not be required if other special damages are present.[15] But the concurrence acknowledged that "the opinions in *Belo* and earlier Texas cases contain language indicating that the only allowable damages in such an action are for loss of a specific sale."[16] And Texas courts—apparently without a single exception—have continued to require the loss of a specific sale as a necessary element of a slander of title action in the forty years since *Ellis*.[17] So, the approach suggested by the *Ellis* concurrence does not reflect the law in Texas. Indeed, "while many other jurisdictions

---

[14] *See also U.S. Enercorp*, 966 F. Supp. 2d at 700 (explaining that in every Texas case the court had found interpreting and applying the loss of a specific sale requirement as articulated in *A.H. Belo*, courts had "held that a plaintiff pleading slander of title *is* require to allege loss of a specific sale").

[15] *Ellis v. Waldrop*, 656 S.W.2d 902, 906 (Tex. 1983) (Spears, J., concurring). Specifically, the concurrence suggested that a plaintiff should be able to recover if he were to "prove with reasonable certainty his pecuniary losses proximately caused by [a] lender's refusal to provide [a] loan at the time the plaintiff was seeking it," but it seems it would support a general allowance for other special damages as well. *Id.* Neither the *Ellis* concurrence nor the majority opinion mention *Humble Oil*.

[16] *Id.*

[17] *See, e.g., Allen-Pieroni v. Pieroni*, 535 S.W.3d 887, 889 (Tex. 2017) ("Special damages exist when the plaintiff can show the loss of a specific, pending sale that was frustrated by the slander."); *see also* 67 Tex. Jur. 3d Slander of Title § 6 ("In a slander of title cause of action, the pleading and proof of loss of a specific sale is an essential element. Special damages due to slander of title exist when the plaintiff can show the loss of a specific, pending sale that was frustrated by the slander.").

5

do not have the same rule, there is simply no question that, under Texas law, 'the pleading and proof of loss of a specific sale are essential elements to a slander of title cause of action.'"[18] While Dedmon continually challenges the logic of Texas's rule,[19] the Court's role here is to apply Texas common law, as developed by Texas courts, not to dramatically alter it.[20] Accordingly, the Appellees are entitled to summary judgment on the slander of title claim.[21]

## IV. Conclusion

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy's court judgment.

**IT IS SO ORDERED** this 31st day of August, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] *U.S. Enercorp,* 966 F. Supp. 2d at 700 (quoting *Tex. Am. Corp. v. Woodbridge Joint Venture*, 809 S.W.2d 299, 304) (rejecting an argument for the rule advanced by Dedmon based in part on the concurrence in *Ellis*).

[19] Doc. No. 4 at 4 ("There is no precedent or logical reason why lost drilling profits and royalties are not special damages for a slander of title lawsuit in Texas"); *id.* at 7 ("No logic or reason is given why lost sales are special damages and lost rentals, drilling profits and royalties are not."); Doc. No. 6 at 4 ("Defendants/Appellees do not address the question of what logic exists for the conclusion that Special Damages can only be a lost sale and not lost drilling profits or royalties . . . . In my Opening Brief I asked what could be the logic for that conclusion? Defendants/Appellees response is total silence.").

[20] *See U.S. Enercorp*, 966 F. Supp. 2d 690 at 700 (explaining in identical circumstances that "a federal court cannot rewrite state law, and the Court will not do so here.").

[21] Because the Court has concluded that the Appellees are entitled to summary judgment based on Dedmon's failure to plead or offer evidence of the loss of a specific sale, the Court need not consider the other grounds upon which the bankruptcy court granted summary judgment.